Dohoney, J.
This case involves a claim for legal services allegedly rendered by the Plaintiff to the Defendant in the amount of $675.00. The Defendant denies that the Plaintiff did the work for which he was retained. The Trial Justice found for the Plaintiff in the amount of $675.00 and issued a Memorandum of Decision and Order of Judgment on October 28, 1983.
Following the judgment, a plethora of post-judgment pleadings were filed. The Defendant filed a Motion to Vacate Judgment which.was denied. *268 Thereafter, the Defendant filed a Request for Hearing of Final Petition for Correction of Errors of Law Procedure to Appeal. The Trial Justice then disqualified himself and this motion was heard and denied by another Justice. The Defendant then filed an Appeal and Claim of Trial by Jury. This was followed by Defendant’s Motion and Evidence for Late Filing of Appeal. This motion was allowed by the Trial J ustice. Plaintiff then filed a Motion to Vacate and Dismiss which sought to set aside the actions permitting the late filing of appeal. The Trial Justice thereafter entered the Order which is the subject of this appeal in which he ordered that the prior judgment in favor of the Plaintiff be vacated, that the prior order permitting the Defendant to appeal to the Superior Court Department be vacated, and that the case be retained in the District Court Department for further hearing before some other justice of the District Court Department. The Plaintiff claims to be aggrieved by this Order and filed a Request for Report.
Relief from Judgment is governed primarily by Mass. Rules of Civil Procedure, Rule 60(b). This Rule provides numerous grounds for relief. In his Order, the Trial Justice set forth his reasons as follows:
' Though rambling and discursive, the thrust of the statement appears to be that defendant felt that he never had the opportunity for a complete hearing on the underlying issues in the case in the District Court Department. Although I believe that this allegation is completely without substance, in order to insure that both the appearance as well as the reality of justice be done, I hereby order ...
It is therefore clear that the granting of the relief in this case is not founded upon any of the reasons set forth in Rule 60(b). While we may be stepping somewhat beyond the record, we perceive an apparent effort on the part of the Trial J ustice to accommodate a pro se litigant. This is particularily evident in permitting an apparently late appeal and in vacating the judgment. We find further evidence in the statement of the Trial Justice that
The defendant, who appears prose, has been accorded extraordinary deference, and courtesy by the Court in allowing him to seek to establish his position. Ultimately, the Court ruled in favor of the plaintiff.
While the Defendant may feel that he did not have an adequate opportunity to present his case, this feeling was specifically rejected by the Trial Justice. Additionally, we would add that the Defendant had an opportunity to present this issue to us at the time that judgment was rendered, but declined to do so.
In summary, the relief from judgment granted in this case was not based upon any of the reasons set forth in Rule 60(b) and was therefore erroneous.
Having found error, the Order of the Trial Justice dated June 13, 1984 is hereby vacated.